UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERRYLEN BROWN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 20-cv-02728 |
| v. | ) | |
| | ) | |
| ILLINOIS COLLECTION SERVICE, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Gerrylen Brown, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm as a result of Defendant's attempt to collect an alleged debt from her, by mailing her a letter that does not correctly indicate the identity of the creditor to which the alleged debt is owed.

1

## PARTIES

5. Plaintiff, Gerrylen Brown, ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for medical services provided by University of Illinois Hospital & Health Science System. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Illinois Collection Service, Inc. ("ICS"), is an Illinois corporation that does or transacts business in Illinois. Its registered agent is John P Cronin, 8231 185th Street, Tinley Park, Illinois, 60487.

7. ICS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. ICS holds a collection agency license from the State of Illinois.

9. ICS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred an alleged debt for medical care provided to her for personal purposes, unrelated to any business purpose ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and the alleged debt went into default.

12. ICS subsequently began collecting the alleged debt.

13. On or about May 1, 2019, ICS sent Plaintiff a collection letter ("Letter") in an attempt to collect the alleged debt. (Exhibit A, Collection Letter).

14. The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

15. Plaintiff read the Letter.

16. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

17. The Letter was ICS's initial communication with Plaintiff regarding the alleged debt.

18. The Letter reads in part as follows:

> Re: Gerrylen Brown
> Client: University of Illinois Hospital & Health Science System

(Ex. A, Letter)

19. The Letter does not define the role of the "client."

20. The Letter directs that payment may be remitted to ICS.

21. The Letter does not identify any creditor to whom the debt is owed.

22. The Letter further indicates that upon written request by Plaintiff made within thirty (30) days of receiving the notice, "this office will provide you with the name and address of the original creditor, if different from the **current creditor**." (Ex. A, Letter) (emphasis added).

23. The Letter thus communicates the possibility that the current creditor and the original creditor may be different.

24. Yet nowhere does the Letter identify a current creditor.

25. 15 U.S.C. § 1692g of the FDCPA provides as follows:

> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless**

3

**the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**. . . (2) the name of the creditor to whom the debt is owed. . . .**

26. ICS has failed to effectively state the name of the current creditor, in violation of 15 U.S.C. § 1692g(a)(2).

27. A debt collector risks violating the FDCPA when it chooses its own language that does not make clear the identity of the current creditor. *Steffek v. Client Servs.*, No. 19-1491, 2020 U.S. App. LEXIS 1759, at *12 (7th Cir. Jan. 21, 2020) (requiring the debt collector to identify clearly the name of the creditor to whom the debt is owed).

28. ICS's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

30. ICS failed to effectively state the name of the current creditor to whom a debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class and against ICS as follows:

  A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

  C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

5